UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH BELLUOMO, and all other individuals similarly situated,<br><br>                                                          **Plaintiff,**<br><br>                                               – against –<br><br>TIGER SCHULMANN'S MIXED MARTIAL ARTS, and DANIEL SCHULMANN a/k/a TIGER SCHULMANN,<br><br>                                                       **Defendants.** | **COMPLAINT**<br><br>Case No.:<br><br>Jury Trial Demanded |

Plaintiff, **JOSEPH BELLUOMO** (hereinafter "Plaintiff"), by and through his attorneys, **ZABELL & ASSOCIATES, P.C.** complains and alleges as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this civil action seeking declaratory relief, monetary damages and affirmative relief based upon Defendants' breach of contract, breach of fiduciary duty, partnership oppression, and violations of other rules, regulations, statutes, and ordinances.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

3. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1332 because Plaintiff resides within this judicial district.

4. This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

1

### III. PARTIES

5. Plaintiff, **JOSEPH BELLUOMO**, was at all times relevant herein, a domiciliary of the State of New York residing in the County of Nassau.

6. Upon information and belief, Defendant **TIGER SCHULMANN'S MIXED MARTIAL ARTS** (hereinafter "TSMMA" or "Corporate Defendant"), is a foreign business corporation, organized and existing under the laws of the State of New Jersey and conducting business at 485 Boulevard, Elmwood Park.

7. Upon information and belief, the named Defendant, **DANIEL SCHULMANN a/k/a TIGER SCHULMANN**, was at all times relevant herein, a domiciliary of the State of New Jersey.

### IV. FACTS

8. Plaintiff repeats and re-alleges each and every allegation set forth herein.

9. Defendants operate a chain of martial arts schools in the tri-state area, Pennsylvania, and Florida. In total, Defendants operate schools in approximately forty-nine (49) separate locations.

10. In or about 1994, Plaintiff was hired by Defendants and was employed as a manager of their Massapequa School.

11. Within approximately four (4) years of his hire, Plaintiff entered into an oral partnership agreement ("Agreement") with the individually named Defendant, Daniel Schulmann.

12. At no point in time was the Agreement ever reduced to writing.

13. As part of this Agreement, Plaintiff made an initial capital investment of approximately $30,000 which entitled him to a seven and one-half percent (7.5%) interest in Defendants' Massapequa School.

14. Within approximately five (5) years of Plaintiff's initial capital investment, he had accumulated a forty nine percent (49%) interest in the Massapequa school, with the individually named Defendant retaining the outstanding fifty-one percent (51%) interest.

15. In total, Plaintiff contributed approximately $270,000 in exchange for his 49% ownership interest.

16. Plaintiff worked on-site at Defendants' Massapequa School and managed its day-to-day operations, while the individually named Defendant worked from the Corporate Defendant's headquarters in New Jersey.

17. Plaintiff, along with the individual Defendant's partners in the other school locations traveled to the Corporate Defendant's headquarters on a weekly basis to (1) train with the individual Defendant himself and (2) to discuss financial matters pertaining to each individualized school.

18. Under Plaintiff's stewardship, the Massapequa school was largely successful - experiencing continuous growth, both in the number of enrolled students and in terms of revenue.

19. Plaintiff's ownership interest entitled him to 50% of the profits from the school after the payment of expenses.

20. The profits and expenses were to be split evenly amongst and between Plaintiff and Defendants.

21. In furtherance of this arrangement, Plaintiff was provided with periodic access to profit and loss statements "P&L Statements" for the school.

22. However, at no point in time was Plaintiff afforded access to documentation corroborating, itemizing and/or memorializing the school's operating expenses.

23. Consequently, Plaintiff was denied meaningful access to an actual accounting of the school's liabilities.
24. In 2012, the parties agreed to close the Massapequa school because of increasing overhead and moved the school to nearby Seaford.
25. Plaintiff's ownership interest was unaltered by this move.
26. The cost of this move was allocated to the school itself and as a result, Plaintiff's share of profits were significantly reduced.
27. In addition, Plaintiff executed a personal guarantee in connection with the lease for the new location.
28. The Seaford school continued to operate through 2014 without incident.
29. On or about June 17, 2014, Plaintiff attended his weekly martial arts training session / business meeting at the TSMMA corporate headquarters as he has done for approximately the last fifteen (15) years.
30. Plaintiff did not physically train on the date in question, but engaged in a discussion with the corporate Defendant's accountant regarding his entitlement to a "generation check" related to the profits at Defendants' Manhasset, New York school. This conversation took place in Defendant TSMMA's office and in the immediate vicinity of the individual Defendant.
31. Pursuant to Defendants' long-standing policy, if a former student of a particular instructor subsequently obtains an ownership interest in one of Defendants' schools, the instructor is entitled to ten percent (10%) of the net profits from that location.

32. The Manhasset school is owned by a former student of Plaintiff's and prior to June 17, 2014, Plaintiff had received regular "generation checks" tithed to the school's monthly net profits.

33. However, Defendants had ceased forwarding the payments due and owing to Plaintiff's attention.

34. In response to Plaintiff's inquiry, Defendant Schulmann interjected, accosted Plaintiff, verbally and physically threatened him and falsely accused Plaintiff of unspecified impropriety.

35. At which point, Plaintiff was summarily ejected from Defendants' headquarters.

36. While in the car on his return to Long Island, Plaintiff received a telephone call from a student at the Seaford school who advised that unnamed personnel had arrived at the location and changed the locks, effectively removing Plaintiff from any interaction with the Seaford school.

37. Since Plaintiff was locked out of the Seaford school, he has received no contact from Defendants.

38. Upon information and belief, Plaintiff's ownership interest in the Seaford school was sold to Michael Ficetti who now operates the school.

39. Defendants' actions constitute an act of oppression and prejudiced the contractual rights of a minority shareholder.

40. Pursuant to the Partnership Agreement, Defendants were required to pay Plaintiff fifty percent (50%) of the profits and assets generated and/or accumulated by the Seaford school.

41. Notwithstanding this fact, and the individually named Defendant failed to provide Plaintiff with payment for fifty percent (50%) of the profits and assets generated and/or accumulated by the school.

42. Defendants were required to pay Plaintiff a ten percent (10%) "generation fee" of the profits and assets generated and/or accumulated by the Manhasset school.

43. Defendants failed to remit such payments to Plaintiff.

44. Defendants impermissibly sold Plaintiff's 49% interest in the Seaford school to a third party without Plaintiff's consent and without providing Plaintiff any compensation in exchange for his ownership share.

45. Plaintiff is entitled to his percentage of the accounts receivable (and all remaining assets) for the Seaford school for a length of time to be determined by this Court.

46. Plaintiff is entitled to an accounting of all assets and liabilities of the Seaford school for an amount of time to be determined by this Court.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

47. Plaintiff repeats and re-alleges each and every allegation set forth herein.

48. Defendants entered into a valid and enforceable Partnership Agreement with Plaintiff, which entitled Plaintiff to fifty percent (50%) of all profits and assets generated and/or accumulated by the Seaford school *per annum*.

49. Defendants willfully breached the Partnership Agreement by failing to compensate Plaintiff according to the compensation structure set forth above and by selling his share of the Seaford school without Plaintiff's permission.

50. By reason of Defendants' breach of the subject policy, as alleged, Defendants are each jointly and severally liable to Plaintiff in an amount to be determined at trial plus interest, but an amount not less than the sum of fifty percent (50%) of all profits and assets generated and/or accumulated by the Seaford school.

51. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer incidental and consequential damages and expenses.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment and Quantum Meruit)
### (Plead in the Alternative)

52. Plaintiff hereby repeats and re-alleges the allegations set forth herein.

53. Plaintiff performed numerous and valuable services at the behest of and on behalf of Defendants.

54. Plaintiff has not been paid for the reasonable value of those services.

55. By reason of the foregoing, Defendants are collectively and individually liable to Plaintiff in an amount not yet determined.

## THIRD CLAIM FOR RELIEF
### (Partnership Oppression)

56. Plaintiff repeats and re-alleges the allegations as if fully set forth herein.

57. By virtue of Defendants' conduct in excluding Plaintiff from the operations of the Seaford school and failing to pay Plaintiff for amounts earned and due under the partnership agreement, Defendants have committed numerous acts of oppressive conduct.

58. Although Plaintiff cannot be fully compensated for the damages caused by Defendants' improper actions, he is entitled to recover the damages which can be established, in an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF
(Breach of Fiduciary Duty)

59. Plaintiff repeats and re-alleges the allegations as if fully set forth herein.

60. The individually named Defendant owed a fiduciary duty to Plaintiff consistent with the Agreement.

61. There exists an obligation on the part of the individually named Defendant to act in good faith and in the best interests of the Plaintiff.

62. The individually named Defendant advanced his own interests to the detriment of the Plaintiff.

63. Plaintiff sustained a quantifiable measure of damages as a result of Defendant Schulmann's actions.

64. That the damages were proximately caused by the fiduciary's breach of his fiduciary duty due and owing Plaintiff all in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
(Conversion)

65. Plaintiff repeats and re-alleges the allegations as if fully set forth herein.

66. As previously alleged, Plaintiff was a Partner entitled to a fifty percent (50%) of the profits from the Seaford school *per annum*.

67. In addition, as set forth above, Plaintiff was entitled to ten percent (10%) of the net profits of the Manhasset school.

68. Plaintiff was (and is) entitled to these sums.

## DEMAND FOR JURY TRIAL

78. Plaintiff repeats and re-alleges the allegations set forth herein.

79. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff respectfully requests this Court grant the following relief:

a. On the First Claim for Relief, the valuation and dissolution of the partnership between Plaintiff and the individually named Defendant in accordance with N.Y. P'ship. Law § 63, and damages in an amount to be determined at trial, plus declaratory judgment stating Defendant breached the Partnership Agreement;

b. On the Second Claim for Relief, which was plead in the alternative, an award of Plaintiff's *pro rata* share of the revenue (including accounts receivable) from the Seaford location in an amount to be determined at trial.

c. On the Third Claim for Relief, a declaratory judgment stating Defendant committed an act of partnership oppression and awarding Plaintiff damages in an amount to be determined at trial.

d. On the Fourth Claim for Relief, a declaratory judgment stating Defendant breached his fiduciary duty due and owing Plaintiff and award Plaintiff damages in an amount to be determined at trial;

e. On the Fifth Claim for Relief, order Defendants to produce a complete accounting of all costs and operating expenses associated with and incurred by the Massapequa and Seaford schools during the relevant time period(s) and award Plaintiff damages in an amount to be determined at trial; and

  f. Such other and further relief as the Court may deem just and proper.

Dated: Bohemia, New York
   July 17, 2012

                ZABELL & ASSOCIATES, PC
                *Attorneys for Plaintiff*

      By: _____
          Saul D. Zabell, Esq.
          1 Corporate Drive, Suite 103
          Bohemia, New York 11716
          Tel.: (631) 589-7242
          Fax: (631) 563-7475
          szabell@laborlawsny.com