UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSEPH BELLUOMO, and all other individuals
similarly situated,

                    Plaintiff,                   **ORDER**

          -against-                         CV 14-4402 (JS)(AYS)

TIGER SCHULMANN'S MIXED MARTIAL
ARTS, and DANIEL SCHULMANN a/k/a TIGER
SCHULMANN,

                    Defendants.
----------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

This is a diversity case brought by Plaintiff Joseph Belluomo ("Plaintiff") against Defendants Tiger Schulman Mixed Martial Arts ("Tiger Schulman") and individual defendant Daniel Schulmann ("Schulman") (collectively "Defendants").[1] The case arises out of the parties' business relationship in connection with the ownership and management of three of Defendants mixed martial arts schools, now or formerly located within this District. See Complaint ("Compl.") DE 1; Plaintiff's Memorandum in Support ("Pl. Mem. in Sup.) DE 30-6 at 1.

Briefly stated, Plaintiff's lawsuit arises out of the alleged breach of a claimed oral partnership agreement which began in or around 1998, and lasted until June of 2014. The complaint sets forth causes of action in breach of contract, unjust enrichment and quantum meruit, partnership oppression, breach of fiduciary duty and conversion. While Plaintiff styles

---

[1] Defendants' argument that Tiger Schulman is a trade name, and therefore not a legal entity capable of being sued, has been raised and recently rejected by District Judge Joanna Seybert in her recent decision denying Tiger Schulman's motion to dismiss. DE 32 at 16. As recognized by Judge Seybert, Plaintiff may take discovery to determine how to accurately name the entity that owns and operates martial arts schools operated under the Tiger Schulman name and later amend the caption herein. For the purpose of this opinion the court refers to the corporate defendant as Tiger Schulman.

1

this matter as a class action brought on behalf of "all other individually similarly situated," the Complaint sets forth no particular class allegations. Presently before this court is Plaintiff's motion to compel responses to Plaintiffs' Sixth Set of Interrogatories and Fifth Set of Document Requests. For the reasons set forth below, the motion to compel is denied.

I.Factual Allegations of the Complaint

The parties' business relationship dates back to 1994, when Plaintiff alleges that he was hired to manage one of Defendants' martial arts schools located in Massapequa, New York (the "Massapequa School"). DE 1 ¶ 10. Plaintiff states that approximately five years after his initial employment the parties entered into a business agreement pursuant to which Plaintiff made a $30,000 capital investment in Defendants' business, entitling him to a 7.5% interest in the Massapequa School. While the parties are alleged to have performed pursuant to that agreement for the ensuing fifteen years, the terms thereof were never reduced to writing. DE 1 ¶ 12.

Plaintiff claims that, over the years of the parties' agreement, his investment in the Massapequa School grew to approximately $270,000, DE 1 ¶ 15, and his interest therein grew to 49%, DE 1 ¶ 14. While Plaintiff's investment in the Massapequa School is stated to have been 49%, Plaintiff states that the parties' oral agreement entitled him to collect 50% of the profits generated, after payment of expenses. DE 1 ¶ 19. Plaintiff states that while he was provided with "periodic access" the Massapequa School's profit and loss statements, he was never afforded access to any documents memorializing the Massapequa School's operating expenses. DE 10 ¶¶ 21-22.

In 2012, the Massapequa School was closed, and a new school was opened in Seaford, New York (the "Seaford Location"). Plaintiff claims that the opening of the Seaford Location was merely a relocation of the Massapequa School. He states further that he executed a personal

guarantee on the lease for the Seaford location, and that the move had no effect on the parties' prior oral agreement. DE 1 ¶ 24-25. According to Plaintiff, the parties continued to perform pursuant to their unwritten agreement, albeit at the Seaford location, until June of 2014. At some point during that month, while Plaintiff was attending his weekly martial arts training and business meeting at Defendants' headquarters, Plaintiff discussed his entitlement to a "generation check." DE 1 ¶ 30. Plaintiff's right to that check, which appears to be unrelated to the parties' oral agreement, is alleged to be due to Plaintiff pursuant to Defendant's referral policy. That policy, as set forth in the Complaint, applies when an instructor's former student obtains an ownership interest in a Tiger Schulman school. According to Plaintiff, a former student of his opened a Tiger Schulman's school in Manhasset, New York (the "Manhasset Location"). That opening is alleged to entitle Plaintiff to the payment of 10% of the net profits of the Manhasset Location. DE 1 ¶¶ 32. Plaintiff alleges that his discussion of the generation check led to a verbal and physical altercation with the individual defendant who "ejected Plaintiff from Defendants' headquarters." DE 1 ¶ 35.

After the alleged altercation at Defendants' headquarters, the parties' business relationship declined and eventually came to an end. Plaintiff states that he was locked out of the Seaford Location and his interest therein was sold to an individual named Michael Ficetti. Mr. Ficetti is alleged to be currently operating the school located at the Seaford Location. DE 1 ¶¶ 36-38.

II.     Causes of Action Alleged in the Complaint

Plaintiff's complaint sets forth five separate causes of action. Specifically, Plaintiff alleges causes of action for: (1) breach of contract; (2) unjust enrichment and quantum meruit (3) partnership oppression; (4) breach of fiduciary duty and (5) conversion. As to relief, Plaintiff

seeks a valuation and dissolution of his partnership agreement, along with an accounting and damages to be determined at trial or, in the alternative, an award of Plaintiff's pro rata share of the revenue from the Seaford Location. Plaintiff also seeks declaratory relief in the form of judgments declaring Defendants in breach of the parties' partnership agreement, finding that Defendants committed an act of partnership oppression and that they are in breach of fiduciary duties owed to Plaintiff.

III.  The Present Motion

The parties have been engaging in discovery. As noted, the motion presently before the court is Plaintiff's motion to compel responses to Plaintiff's Fifth Set of Interrogatories and Sixth Request for the Production of Documents. DE 30. The interrogatories and document requests in dispute are set forth in the chart below and grouped, for convenience, into two categories: real property transactions (Interrogatory 1, Doc. Req. 1-3) and financial transactions (Interrogatory 2, Doc. Req. 4-6). Descriptive information as to the requests are reproduced in bold type.

| Interrogatories: | | Document Requests: | |
|---|---|---|---|
| 1. | "Identify, with particularity and detail, **any and all real property transactions to which Defendant Daniel Schulmann was a participant** either in his individual capacity or on behalf of Defendant Tiger Schulmann's Mixed Martial Arts (and all related entities) between January 2015 and the present;" | 1. | "Produce any and all documentation reflecting **any and all real property transactions (sales, transfers or· conveyances) to which Defendant Daniel Schulmann was a participant** either in his individual capacity or on behalf of Defendant Tiger Schulmann's Mixed Martial Arts (and all related entities) between January 2015 and the present;" |
| | | 2. | "Produce **any and all correspondence concerning any and all real property transactions (sales, transfers or conveyances) to which Defendant Daniel Schulmann was a participant** either in his individual capacity or on behalf of Defendant Tiger Schulmann's Mixed Martial Arts (and all related entities) between January 2015 and the present;" |
| | | 3. | "Produce **any and all documents reflecting Defendant Daniel Schulmann's status as an** |

|   |   |   |   |
|---|---|---|---|
|   |   |   | owner, co-owner, shareholder, member, partner, and/or co-venturer in any real property acquired, sold and/or transferred between January 2015 and the present;" |
| 2. | "Identify, with particularity and detail, **any and all transfers of sums over $10,000 from bank accounts: (a) owned maintained or utilized by Defendant's Mixed Martial Arts Schools (and related entities); and (b) owned, maintained or utilized by Defendant Daniel Schulmann** individually between January 2015 and the present." |   | Produce **any and all documents, including, but not limited to, bank records, financial statements, and profit and loss statements, reflecting all transfers of funds exceeding $10,000**: |
|   |   | 4. | "from any of Defendant Daniel Schulmann's individual accounts between January 2015 and the present;" |
|   |   | 5. | "from any of Defendants' Martial Arts schools and/or locations between January 2015 and the present;" |
|   |   | 6. | "Produce **any and all financial documents, including, but not limited to, bank records, monthly statements, and transaction receipts, from Defendants' Manhasset Mixed Martial Arts School** located at 1205 Northern Boulevard, Manhasset, New York 11030 between January 2015 and the present." |

Defendants object to all of the foregoing requests on the ground that they are overly broad, not related to the claims or defenses in the action, and are burdensome and oppressive. The parties have conferred and raised their dispute with this court via a telephone conference. They thereafter briefed this matter and the dispute is now properly before this court for decision.

III.   Disposition of the Motion

   A.   Legal Principles

The scope of permissible discovery, and the standards to be applied to motions to compel discovery, are familiar and are generally agreed upon by the parties. Thus, there is no question but that parties are entitled to discovery of relevant, non-privileged information which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).

5

The concept of relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992); Greene v. City of New York, 2012 WL 5932676, at *3 (E.D.N.Y. 2012). Additionally, information need not be admissible at trial to be discoverable. Barrett v. City of New York, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

The broad scope of discovery is not, however, a license to conduct a "fishing expedition" into a parties' documents and other information, Barbara v. MarineMax, Inc., 2013 WL 1952308, at *2 (E.D.N.Y. 2013), and the trial court has "broad latitude to determine the scope of discovery and to manage the discovery process." Perry v. The Margolin & Weintreb Law Group LLP, 2015 WL 4094352, * 2 (E.D.N.Y. 2015) (citations omitted).

B. The Motion to Compel is Denied

As the chart above makes clear, the discovery requests that are the subject of this motion are broad. Indeed, Plaintiff seeks an unlimited range of information regarding "all real property transactions" including sales, transfers and conveyances, and the transfer of "all sums over $10,000" from all bank accounts "maintained or utilized" by Individual Defendant Schulman, Defendants' schools, and "related entities." The only limit to the requests is that such documents relate to the time period of January 2015 to the present – a time period after the alleged termination of Plaintiff's interest in the business that is the subject of this lawsuit.

In support of this virtually unlimited request for real estate and financial transactions, Plaintiff relies on nothing more than the allegations that this matter asserts a breach of fiduciary

duty, and is styled as a class action. See DE 31 at 3-4. Neither argument renders the broad discovery sought to fall within the range of permissible discovery.

As set forth in detail above, Plaintiff's claims arise out of his particular business relationship with Defendants. With the exception of the claim for the "generation check" as to the Manhasset Location, all of Plaintiff's claims arise out of the alleged oral partnership agreement, pursuant to which the parties are alleged to have performed over a fifteen year period. Discovery is broad, but is properly circumscribed by reference to the claims asserted. Discoverable information in this case would properly include, for example, financial information evidencing the parties' course of conduct (so as to support Plaintiff's claims as to the terms of the parties' oral agreement), documents regarding the alleged sale of the Seaford Location, and Plaintiff's alleged interest therein. Also discoverable would be financial information regarding Defendants' alleged referral policy and payments made to Plaintiff with respect to so-called "generation" checks. In contrast, the pending requests for all of Defendants' real estate and financial records, even if limited to the time period of January 2015 to the present (which period follows the alleged termination of the partnership agreement) are simply irrelevant to the claims asserted.

Plaintiff's reference to possible class claims does nothing to change this Court's conclusion. First, the complaint fails to set forth any class-based factual allegations in support of the assertion that this matter should be properly conducted as to a class action. Indeed, Plaintiff's factual allegations point to precisely the opposite conclusion, and Plaintiff sets forth no reason, either in his pleadings or in documents submitted in support of the present motion, to support a conclusion that class treatment is desirable.

Plaintiffs' claims arise out of his particular oral agreement with Defendants. That agreement spans fifteen years, and appears to have changed over the course of the parties' business relationship. Thus, while Plaintiff alleges an initial interest of 7.5% in the Massapequa School, that interest is alleged to have grown, over time, to a 49% interest. In view of the fact that the agreement was oral, the terms thereof can be discerned only by reference to the parties' performance and particular documents, generated over the course of the parties' fifteen year relationship, evidencing that performance.

Plaintiff does not identify any individual with an oral agreement similar to his own. Indeed it is, at the very least, highly unrealistic to assume that Plaintiff will be able to show that his particular partnership agreement was, in any way, similar to other agreements, entered into by unnamed class members, during the fifteen year period of the parties' agreement herein. Thus, it does not appear that Plaintiff will be able to show that consideration of any factor set forth in Rule 23 of the Federal Rules of Civil Procedure, governing class actions, militates in favor of class treatment of this action. It is indeed implausible to believe that Plaintiff can show that there exists a class of individuals so numerous that joinder is impracticable, whose claims are so similar to Plaintiffs as to be considered to share common questions of law and fact, and subject to typically similar claims and defenses. See Fed. R. Civ. P. 23.

That the Complaint alleges a claim for breach of fiduciary duty on behalf of a class does not change this court's conclusion as to the irrelevant nature of the information sought. Plaintiff complains that Defendants breached their fiduciary duties by failing to pay Plaintiff the percentage of profits owed to him and taking Plaintiff's business away from him without compensation, both in violation of the parties' partnership agreement. These claims are fact specific as to the parties' business relationship and in no way support any argument in favor of

class treatment. Moreover, even if responses to discovery could prove that the Defendant acted in a way that violated a fiduciary duty owed to other, unnamed individuals, there is nothing to suggest those breaches of fiduciary duty were in any way similar to the breach of fiduciary duty that is alleged to arise as a result of the specific oral partnership agreement at issue here.

Finally, if the broad nature of the requests themselves were not enough to invalidate the requests as overly broad, the time frame for which information is sought would. Plaintiff seeks financial and real estate records generated after termination of the parties' alleged agreement. He asserts that such post-termination financial and real estate transactions are relevant to his claims because they evidence Defendants' pattern and practice of utilizing corporate assets for personal gain and/or benefit all to the detriment of their "partners." This assertion, while possibly relevant to a claim for post judgment collection of damages judged to be due, in no way supports any argument that such information is relevant to Plaintiff's claims for relief.

In sum, Plaintiff fails to show that the broad range of discovery sought is relevant to any claim or defense or that such evidence is reasonably calculated to lead to the discovery of admissible evidence. As such, the requests at issue here constitute nothing more than an impermissible fishing expedition.  See Kindle v. Dejana, 2015 WL 5117797, at *2 (E.D.N.Y. 2015) (citations omitted). Any holding to the contrary would allow a plaintiff open-ended and unlimited discovery of all of a defendant's financial and real estate investment documents based on nothing more than a bare statement that the lawsuit is "being pursued as a class action." While the scope of discovery is broad, it is not so unlimited as to allow such a result.

The Court is unaware as to whether Defendants have already produced financial records in response to any earlier discovery requests for the production of documents in the nature of those described above as appropriately discoverable in this matter. In the event that such

production has not already been requested and responded to, this decision is without prejudice to seeking such discovery.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel discovery, as set forth in Docket Entry No. 30 herein is denied.

SO ORDERED

Dated: Central Islip, New York
October 7, 2015

                                                  /s/ Anne Y. Shields
                                                ANNE Y. SHIELDS
                                                United States Magistrate Judge